UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **JESSE BAKER,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0236 AS |
| | ) | |
| **CECIL DAVIS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about April 20, 2005, *pro se* petitioner, Jesse Baker, an inmate at the Indiana State Prison in Michigan City, Indiana (ISP) filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 17, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on October 14, 2005, which this Court has carefully examined.

A good place to start here is a published opinion in *Baker v. State*, 747 N.E. 2d 633 (Ind. App. 2001). Such is an opinion by then Chief Judge Sharpnack concurred in by Judges Kirsch and Mattingly-May. The Supreme Court of Indiana denied transfer on the aforesaid opinion. This case emanated originally from the Marion Superior Court, Criminal Division, Room 2 in Indianapolis, Indiana. The unpublished memorandum decision of the Court of Appeals of Indiana was entered on February 15, 2005, and is attached hereto and

incorporated herein as Appendix "A". It was authored by Judge Barnes and concurred in by Judges May and Darden. The Supreme Court of Indiana denied transfer with regard to that decision of the Court of Appeals of Indiana.

This petitioner is facing an aggregate 60-year term of incarceration imposed in Marion County, Indiana on one count of felony aggravated battery and one count of felony possession of a firearm by a serious violent felon. This case has now been to the second highest court in Indiana twice, and certainly the facts found by that court are entitled to a rebuttable presumption of correction, and the same can only be rebutted by clear and convincing evidence under 28 U.S.C. §2254(e)(1). The final denial of transfer by the Supreme Court of Indiana was on March 17, 2005.

Of considerable moment here is a pair of decisions decided by the Supreme Court of the United States on the same day in 2002. *Woodford v. Visciotti*, 537 U.S. 19 (2002), and *Early v. Packer*, 537 U.S. 3 (2002). Two follow-up unanimous cases are of some moment here. They are *Yarborough v. Gentry*, 540 U.S. 1 (2003), and *Price v. Vincent*, 538 U.S. 634 (2003), *reversing Vincent v. Jones*, 292 F.3d 506 (6th Cir. 2002). Most recently, the Supreme Court decided *Bell v. Cone*, 125 S.Ct. 847 (2005), *reversing Cone v. Bell*, 359 F.3d 785 (6th Cir. 2005). Those cases and their progeny provide substantial guidance here. Generally, federal courts are bound by a state court's adjudication of a petitioner's claim unless the state court decision is contrary to or involved in unreasonable application of clearly established application of a decision or decisions of the Supreme Court of the United States. *See*

2

*Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998), and *Cremens v. Chapleau*, 62 F.3d 167 (6th Cir. 1995). In this regard, 28 U.S.C. §2254(e)(1) places a substantial burden on the petitioner to show error by clear and convincing evidence. This petitioner has failed to do so.

In his petition, Mr. Baker first claims that his appellate counsel was ineffective for failing to challenge his conviction for possession of a firearm as a serious violent felon and his adjudication as a habitual offender on double jeopardy grounds. Second, he claims prosecutorial misconduct regarding comments made in closing argument regarding the availability of a self defense claim. Third, he claims his conviction for possession of a firearm as a serious violent felon and his adjudication as a habitual offender offend the Equal Protection Clause of the Constitution. Finally, he claims his conviction for possession of a firearm as a serious violent felon and his adjudication as a habitual offender violated due process.

The respondent argues that Mr. Baker's claims of ineffective assistance of appellate counsel, denial of equal protection, and denial of due process, as presented in this petition, were not raised to the state appellate courts. These claims are now procedurally defaulted because he didn't give the state courts a full and fair opportunity to adjudicate them. The respondent argues that the prosecutorial misconduct claim is barred because the procedural bar found by the state court constitutes an independent and adequate state law ground.

3

INEFFECTIVE ASSISTANCE OF COUNSEL AND EQUAL PROTECTION

Mr. Baker argues that he attempted to raise the equal protection and due process claims both on direct appeal and on post-conviction relief, but due to his appellate counsel's ineffectiveness, he was unable to present them to the state court. The Supreme Court held that "the assertion of ineffective assistance as a cause to excuse a procedural default in a §2254 petition is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted." *Lee v. Davis*, 328 F.3d 896,901(7th Cir. 2003)(*citing Edwards v. Carpenter*, 529 U.S. 446 (2000)). Mr. Baker did not raise his ineffective assistance of counsel claim, challenging his conviction for possession of a firearm as a serious violent felon and his adjudication as a habitual offender on double jeopardy grounds, to the state courts. Because Mr. Baker did not raise this claim during the state court proceedings, this claim was never fully and fairly presented to the state court for review, and it is therefore procedurally defaulted. *Farrell v. Lane,* 939 F.2d 409 (7th Cir. 1991). Mr. Baker must satisfy the "cause and prejudice" standard with respect to the ineffective assistance of counsel claim before counsel's ineffectiveness can serve as cause to excuse the procedural default of the equal protection and due process claims. *See Edwards v. Carpenter*, 529 U.S. 451 (2000).

In *Murray v. Carrier*, 477 U.S. 478, 488 (1986), the Court said,

> "We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is

4

not constitutionally ineffective under the standard established in *Strickland v. Washington, supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in procedural default. Instead, we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule."

In this case, Mr. Baker has not shown any objective factor impeded counsel's efforts to bring his claims. Mr. Baker says that he told his counsel about the claims, but that counsel chose not to raise them on appeal. Accordingly, this court does not find cause for the procedural default for Mr. Baker's failure to raise his claim of ineffective assistance of counsel. Because Mr. Baker procedurally defaulted his ineffective assistance of counsel claim, that claim cannot serve as cause to excuse the procedural default of the Equal Protection claim. *See Edwards v. Carpenter*, 529 U.S. 451,451(2000).

PROSECUTORIAL MISCONDUCT

Obviously, claims for prosecutorial misconduct must be considered seriously. *See United States v. Hasting*, 461 U.S. 499 (1983). Mr. Baker, in his petition, alleges that the prosecutor engaged in misconduct by misstating the law during his closing argument. On direct appeal, the Indiana Court of Appeals held that Mr. Baker had waived state appellate review because he failed to request an admonishment or a mistrial under Indiana law. That is an independent and adequate state law ground barring review under Title 28 U.S.C. §2254 under *Harris v. Reed*, 489 U.S. 255 (1989). The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See*

5

*Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). Furthermore, the Indiana Court of Appeals found that notwithstanding the waiver, the statement by the prosecutor did not constitute reversible error. Because the state courts determination was not contrary to federal jurisprudence, this claim is without merit.

In this case, the prosecutor argued that Mr. Baker was not entitled to claim self-defense because he had committed other crimes, namely possession of cocaine and visiting a common nuisance, which let to the confrontation that was the basis for the murder charge. The Indiana Court of Appeals first looked to determine whether there was misconduct. Then the court must consider whether the misconduct placed Mr. Baker in a position of grave peril to determine the probable persuasive effect of the misconduct on the jury. That analysis parallels the federal standard found in *U.S. v. Cornett*, 232 F.3d 570 (7th Cir. 2000). The Indiana Court of Appeals correctly applied this standard finding that there was no reversible error because the trial court instructed the jury that the comments of counsel were not evidence and that the court's final instructions constituted the law applicable to the case.

## SENTENCING CLAIM

The respondent argues that Mr. Baker's fourth claim is barred by procedural default because it simply reasserts his contention that the use of his prior robbery conviction to support distinct sentences violated double jeopardy. Mr. Baker alleges in his traverse that the respondent misstated his claim. He claims this claim was properly raised in state court on

6

post-conviction relief. Giving Mr. Baker the benefit of the doubt, and according to his own argument, this claim raises an issue of state law.  Federal habeas relief is only available to a person in custody in violation of the United States Constitution or laws or treaties of the United States, see 28 U.S.C. § 2254(a), and is unavailable to remedy errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, an error in the interpretation of, or the application of state sentencing rules, does not present a cognizable claim for federal habeas relief. *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002). Furthermore, the sentencing in this case simply does not present an Eighth Amendment issue under *Harmelin v. Michigan*, 501 U.S. 957 (1991) because it is not unconstitutionally disproportional.  *See also Solem v. Helm*, 463 U.S. 277 (1983).

    For all of the reasons stated, the petition for writ of habeas corpus is DENIED.

    SO ORDERED.

    ENTERED:   December 15, 2005

                                            S/ ALLEN SHARP
                                        ALLEN SHARP, JUDGE
                                        UNITED STATES DISTRICT COURT